IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

M.N., through her Parents
MICHELLE NORMAN and
CASSIDY NORMAN,

        Plaintiff/Counter-Defendant,

v.                                                   Case No. 2:17-cv-00065

SCHOOL BOARD of the
CITY of VIRGINIA BEACH,

        Defendant/Counter-Plaintiff.

## DEFENDANT/COUNTER-PLAINTIFF'S
## RESPONSE TO MOTION FOR ATTORNEY'S FEES

COMES NOW the Defendant and Counter-Plaintiff, the School Board of the City of Virginia Beach, Virginia d/b/a Virginia Beach City Public Schools (the "School Division" or "VBCPS"), by counsel, for its Response to Plaintiff/Counter-Defendant's Motion for Attorney's Fees Under the Individuals with Disabilities Education Act, and states:

## INTRODUCTION

"The IDEA provides that an award of attorneys' fees may be granted to a parent making an IDEA if that parent is the 'prevailing party' in the litigation." *J.P. v. Cnty. Sch. Bd.*, 641 F. Supp. 2d 499, 509 (E.D. Va. 2009) (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)).  Here, the Court found that M.N. was the prevailing party and granted attorney's fees. Opinion & Order at 27-28, Feb. 5, 2018, Doc. 69.

The School Division agrees that the hourly rate of $250 charged by counsel is reasonable. The School Division respectfully requests, however, a modest reduction of the hours claimed by Plaintiff/Counter-Defendant if Plaintiff/Counter-Defendant seeks fees for non-legal or clerical

tasks, and for hours expended in connection with Plaintiff/Counter-Defendant's Motion for Order to Show Cause.

## BURDEN OF PROOF AND LEGAL STANDARD

**I.      Burden of Proof.**

"'[T]he fee applicant bears the burden of establishing by clear and convincing evidence the amount of a reasonable fee in the circumstances.'" *Cnty. Sch. Bd. v. A.L.*, No. 4:03CV174, 2007 U.S. Dist. LEXIS 16395, at *15 (E.D. Va. Mar. 6, 2007) (quoting *Rucker v. Sheehy Alexandria, Inc.*, 255 F. Supp. 2d 562, 564 (E.D. Va. 2003)). Regarding the total work and hours claimed, "'fee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity, sufficient to permit the court to weigh the hours claimed and exclude hours that were not reasonably expended.'" *Id.* (quoting *Rucker*, 255 F. Supp. 2d at 564)).

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "'Inadequate documentation includes the practice of grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task.'" *A.L.*, 2007 U.S. Dist. LEXIS 16395, at *16 (quoting *Rucker*, 255 F. Supp. 2d at 564 n.3).

"'[D]etermination of the hourly rate will generally be the critical inquiry in setting the 'reasonable fee,' and the burden rests with the fee applicant to establish the reasonableness of a requested rate.'" *Id.* (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). "'In addition to the attorney's own affidavits, the fee applicant must produce satisfactory 'specific evidence of the prevailing market rates in the relevant community for the type of work for which [s]he seeks an award.'" *Id.* (quoting *Plyler*, 902 F.2d at 277).

2

"The overall fee award may be reduced due to inadequate documentation by either 'identifying and disallowing specific hours that are not adequately documented, or by reducing the overall fee award by a fixed percentage or amount based on the trial court's familiarity with the case, its complexity and the counsel involved.'" *Id.* at \*16-17 (quoting *Hensley*, 461 U.S. at 433).

## II. Calculating the Fee.

"The Court has 'broad discretion' in determining the appropriate fee award." *Id.* at \*6 (quoting *Carroll v. Abramson*, 53 F.3d 626, 628 (4th Cir. 1995)). "The amount of attorneys' fees awarded to prevailing IDEA plaintiffs 'shall be based *on rates prevailing in the community* in which the action or proceeding arose for the kind and quality of services furnished.'" *J.P. v. Cnty. Sch. Bd.*, 641 F. Supp. 2d 499, 512 (E.D. Va. 2009) (quoting 20 U.S.C. § 1415(i)(3)(C)). "[T]he 'starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The result of that calculation is known as the lodestar figure. If properly computed, 'the lodestar figure will normally reflect a reasonable fee.'" *Id.* (quoting *A.D. ex rel. S.D. v. Bd. of Pub. Ed. of the City of Asheville*, 99 F. Supp. 2d 683, 687 (W.D.N.C. 1999)).

"Those two variables, as well as the lodestar figure itself, are assessed in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)." *Id.* (citing *E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990)). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability"

of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717-19).

## **DISCUSSION**

As a preliminary matter, the School Division does not dispute that the hourly rate of $250 charged by counsel is reasonable. The School Division notes, however, that counsel's final invoice, dated March 3, 2018, charges an increased hourly rate of $275. Given that Plaintiff/Counter-Defendant has produced no evidence to support this higher rate, the School Division requests that the hourly rate of $250 apply uniformly to all legal work.

While Plaintiff/Counter-Defendant addressed none of the *Johnson* factors, the School Division's remaining objections to Plaintiff/Counter-Defendant's fee request are nevertheless few. The School Division contends that this modest reduction of the hours claimed is appropriate: (1) 21.90 hours for non-legal or clerical tasks; and (2) 6.20 hours that were not reasonably expended in connection with Plaintiff/Counter-Defendant's Motion for Order to Show Cause, which could have been avoided by simply conferring with opposing counsel.

**I.** **Clerical tasks.**

"In determining the lodestar figure, it is important to note that this amount only applies to legal work. A lesser rate may attend clerical and administrative functions." *Cnty. Sch. Bd. v. A.L.*, No. 4:03CV174, 2007 U.S. Dist. LEXIS 16395, at *19 n.5 (E.D. Va. Mar. 6, 2007). As this Court has explained:

> It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because [s]he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

*Id.* (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)).

Importantly, where the fee claimant has "produced no evidence of the prevailing market rate for clerical or secretarial work typical to that which was performed[,] . . . the Court cannot apportion time spent on non-legal work at any rate, because it has no evidence from which to conclude a reasonable market rate for non-legal work." *Id.* at *34-35. The Court should similarly deduct those entries that impermissibly lump both legal and non-legal work. *Id.* at *34 ("The Court's review of [the attorney's] Statement of Work Performed indicates several entries involving impermissible lumping of tasks, including combining organizing the file and other tasks. While it is possible to speculate whether these tasks were non-legal and/or what percentage was non-legal, no documentary clarification has been provided by [the attorney].").

Here, these time entries seek fees for 21.90 hours of non-legal work, or impermissibly lump legal and non-legal work. As Plaintiff/Counter-Defendant has produced no evidence of the prevailing market rate for such non-legal work, these hours should be deducted in their entirety.

| Date | Description | Quantity |
|---|---|---|
| 08/04/16 | Prepare: Witness List – emails and Scheduled Meetings | 0.40 |
| 08/11/16 | Drafting: Drafted Subpoenas, sent via email and first class to HO | 1.00 |
| 08/29/16 | Drafting: Witness Subpoena drafting, prep, mailed | 2.00 |
| 08/30/16 | Prepare: Exhibit Book | 5.00 |
| 08/31/16 | Prepare: Exhibit Book | 5.00 |
| 09/03/16 | Receipt/Review: Reviewed join[t] exhibit book produced by VBCPS, identified exhibits VBCPS failed to include, prepared supplemental exhibit book | 6.00 |
| 01/30/17 | Prepare: Redacted HO Decision, emailed Clerk requested do s | 0.50 |
| 03/08/17 | Prepare: Sent waiver to VBCPS counsel, updated timeline | 0.50 |
| 05/30/17 | Drafting: Table of Authorities | 1.50 |

## II. Hours not reasonably expended.

On October, 17, 2017, Plaintiff/Counter-Defendant filed her Motion for Order to Show Cause Why VBCPS Should Not Be Held in Contempt for Violating This Court's Order Requiring Reimbursement of Private School Tuition and Expenses be Paid to the Parents Within Fifteen Days

5

of Notice of Costs, Doc. 56 ("Show Cause Motion"). It is undisputed that counsel for Plaintiff/Counter-Defendant failed to confer with counsel for the School Division before filing the motion. As the School Division explained in its response to the Show Cause Motion

> [W]hile Plaintiff/Counter-Defendant briefly notes that "[t]he School Board has . . . not provided an explanation for their failure to adhere to the order of this Court," counsel for Plaintiff/Counter-Defendant made no attempt to contact or [confer] with VBCPS before filing the Show Cause Motion with the Court. Indeed, on October 16, 2017, the day before filing the Show Cause Motion, counsel for Plaintiff/Counter-Defendant emailed VBCPS counsel the October 2017 invoice and spreadsheets for reimbursement, but made no mention of any delay in processing the September 2017 reimbursement or any intent to move for Show Cause. VBCPS agrees with Plaintiff/Counter-Defendant that she "should . . . not be required to allocate funds to the legal pursuit of money owed to them from the school district." Such "legal pursuit," however, was unnecessary. Plaintiff/Counter-Defendant could have achieved the same result with a simple phone call or email.

Defendant/Counter-Plaintiff's Response to Plaintiff/Counter-Defendant's Motion for Order to Show Cause at 7-8, Oct. 31, 2017, Doc. 60 (internal citations omitted).

VBCPS' failure to make timely payment was not intentional, and as the Court found, once VBCPS counsel was made aware, VBCPS "remedied its negligence . . . , paid the October fees early, and paid the ESY fees despite a continuing disagreement that ESY was necessary." Order at 2, Nov. 15, 2017, Doc. 67. In short, the 6.20 hours claimed by counsel for Plaintiff/Counter-Defendant for pursuing this motion, as detailed in the table below, were not reasonably expended. The same result could have been achieved by simply conferring with VBCPS counsel.

| Date | Description | Quantity |
| --- | --- | --- |
| 08/02/17 | Research: Researched caselaw and statutes re Show Cause motion and damages | 1.00 |
| 10/09/17 | Drafting: Motion to show cause | 2.00 |
| 10/10/17 | Drafting: Motion to show cause | 0.50 |
| 10/16/17 | Drafting: Drafted Brief for motion to show cause | 1.00 |
| 10/17/17 | Drafting: Finalized show cause motion | 1.00 |
| 11/14/17 | Receipt/Review: Reviewed VBCPS answer to Motion to Compel | 0.50 |
| 11/15/17 | Receipt/Review: Reviewed judge's order, emailed and responded to client | 0.20 |

# **CONCLUSION**

For the foregoing reasons, the School Division, by counsel, respectfully requests this Court find that $250 is a reasonable hourly rate, that the hours claimed by counsel for Plaintiff/Counter-Defendant should be reduced by 28.10 hours, and provide such further relief as this Court deems appropriate. Additionally, as the School Division is a public body, various levels of approval are required before issuing any significant payment. As such, the School Division respectfully requests that any payment of fees be due within thirty (30) days of the Court's order on Plaintiff/Counter-Defendant's Motion for Fees.

Respectfully submitted,

THE SCHOOL BOARD OF THE
CITY OF VIRGINIA BEACH, VA


*/s/ Dannielle Hall-McIvor*
Dannielle Hall-McIvor (VSB No. 74098)
E: dcmcivor@vbgov.com
Associate City Attorney
Kamala H. Lannetti (VSB No. 31726)
Deputy City Attorney
E: klannett@vbgov.com
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
E: cboynton@vbgov.com
Gerald L. Harris (VSB No. 80446)
Associate City Attorney
E: glharris@vbgov.com
Office of the City Attorney
2512 George Mason Dr.
Virginia Beach, VA 23456
T: 757.263.1210

*Counsel for the School Division*

# **CERTIFICATE OF SERVICE**

I certify that on March 30, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/EFC system, which will then send a notification of such filing (NEF) to:

Grace E. Kim
(VSB No. 87010)
LAW OFFICE OF GRACE E. KIM, PC
11325 Random Hills Road, Suite 360-110
Fairfax, Virginia 22030
T: (703) 951-7320
E: gekim@gekimlaw.com

*Counsel for M.N., by and through her Parents,
Michelle Norman and Cassidy Norman*

 */s/ Dannielle Hall-McIvor*
Dannielle Hall-McIvor (VSB No. 74098)
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
2512 George Mason Dr.
Virginia Beach, VA 23456
T: 757.263.1210
E: dcmcivor@vbgov.com

*Counsel for the School Division*