IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

M.N., by and through her Parents,
**MICHELLE NORMAN** and
**CASSIDY NORMAN,**

        **Plaintiff/Counter-Defendant,**

v.                                             Civil Action No. 2:17cv65

**SCHOOL BOARD of the
CITY of VIRGINIA BEACH,**

        **Defendant/Counter-Plaintiff.**



FILED
JUN 2 5 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Fee Complaint ("Motion to Amend") and Plaintiff's Motion for Attorney's Fees ("Motion for Attorney's Fees"). Docs. 72, 78.

### I. BACKGROUND

The underlying facts of the case are explored in greater detail in this Court's February 5, 2018 Order GRANTING Plaintiff's and Defendant's Motions for Summary Judgment, IN PART, and AFFIRMING the decision of the Hearing Officer and GRANTING attorneys' fees to M.N. Doc. 69. However, for the purpose of this Motion, the most relevant facts are summarized below.

On January 27, 2017, M.N. timely filed a complaint with this Court seeking an award of attorneys' fees for prevailing in an IDEA due process hearing. Doc. 1. M.N. is a special education student in Virginia Beach's schools and she has multiple issues that affect her ability to learn. Doc. 1-1 at 7-8. On January 30, 2017, Virginia Beach filed a separate action seeking

1

reversal of the Hearing Officer's decisions in favor of M.N. No. 2:17cv66, Doc. 1 ("VB Counterclaim"). On May 22, 2017, M.N. filed an Amended Complaint in this action with leave of Court. Doc. 11. M.N. filed a counterclaim in the companion action seeking the tutoring and social skills fees denied by the Hearing Officer. No. 2:17cv66, Doc. 8.

The Court entered a combined scheduling Order for both actions on June 16, 2017, directing the Parties to file cross-motions for summary judgment on the administrative record, with the briefing on both motions complete by November 10, 2017. Doc. 10. The Parties filed the administrative record on July 28, 2017. Docs. 21–42. The Court FOUND that the second action was a compulsory counterclaim to the first action and consolidated the cases on August 21, 2017. Doc. 46. The Parties supplemented the record with leave of Court on August 28, 2017. Docs. 48–49. The Parties timely completed briefing for the cross-motions for summary judgment, and no Party requested an opportunity to present additional evidence. On February 5, 2018, this Court entered an Order and FOUND, in relevant part, that Plaintiff was the prevailing party and GRANTED her award of attorney's fees pending the filing of the appropriate motion. Doc. 69 at 28.

On March 5, 2018, Plaintiff, by her attorney, filed a Motion for Attorney's Fees and costs in the amount of $77,708.74 along with a Motion for Leave to Extend time to File her Motion for Attorney's Fees. Docs. 72, 73. On March 20, 2018, this Court GRANTED Plaintiff's Motion for Extension of Time to File Motion for Attorney's fees and ORDERED Defendant to respond within ten (10) days. Doc. 75. Defendant responded to Plaintiff's Motion on March 30, 2018. Doc. 76. On April 5, 2018, Plaintiff replied to Defendant's Response and filed a Motion to Amend her Complaint for Attorney's Fees. Docs. 77, 78. Defendant responded in opposition to Plaintiff's Motion to Amend her Complaint for Attorney's fees on April 19, 2018. Doc. 79.

Plaintiff did not reply. Both of Plaintiff's Motions are now ripe for review.

## II. LEGAL STANDARDS

### A. Motion to Amend Fee Complaint

Under Rule 15 of the Federal Rules of Civil Procedure, the Court may grant a party leave to amend its pleading either before or after trial. Fed. R. Civ. P. 15. Under rule 15(a) a party is permitted to amend his or her complaint once as a matter of course within 21 days of serving the complaint, or after the 21 days by obtaining the consent of the opposing party or by requesting leave of court to file an amended complaint. Id. In such situations, the Court should freely grant leave when justice so requires. Id. During or after trial, the Court may amend the complaint to address issues raised at trial, but not raised in the pleadings. Id. Outside of these two instances, the Court may also supplement a pleading to address events that occurred after the filing of the pleading. Id.

### B. Motion for Attorney's Fees

Once a court has determined that a party is entitled to attorney's fees, the court has discretion to determine the amount of the award. J.D. ex rel. Davis v. Kanawha County Bd. Of Educ., 571 F.3d 381, 387 (4th Cir. 2009). In determining what constitutes a reasonable fee, the court starts by calculating the number of hours expended on the litigation multiplied by a reasonable hourly rate. JP ex rel. Peterson v. County School Bd. Of Hanover County, Va., 641 F.Supp.2d 499, 512 (E.D. Va. 2009). The result of this calculation, called the "lodestar" figure, will normally reflect a reasonable fee. Id. Determining the hourly rate will generally be the critical inquiry in setting the reasonable fee. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009). The burden rests with the fee applicant to establish the reasonableness of a requested rate. Id. In addition to the attorney's own affidavits, the fee applicant must

produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Id.; See also 20 U.S.C.A. § 1415(i)(3)(C). "To make this calculation, the [C]ourt must necessarily exclude any hours that are 'excessive, redundant, or otherwise unnecessary,' and therefore not reasonably expended on the litigation." County School Bd of York County, Virginia v. A.L., 2007 WL 756586 at *6 (E.D. Va. Mar. 6, 2007) (quoting Lilienthal v. City of Suffolk, 322 F.Supp.2d 667, 670 (E.D.Va.2004) (citing Hensley, 461 U.S. at 434)).

Additionally, the Court considers the following twelve Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974) factors in determining whether fees claimed are reasonable:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Under the IDEA, the court shall also reduce the amount of attorney's fee awarded whenever the court finds that "the amount of attorney's fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience" or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." 20 U.S.C.A. 1415(i)(3)(F).

## III. ANALYSIS

### A. Motion to Amend Fee Complaint

Plaintiff seeks to file an Amended Complaint that is identical to her Original Fee Complaint, but attaches an additional invoice for attorney's fees up through the present Motion to Amend (the "Additional Invoice"). Doc. 78 at 1. However, Plaintiff failed to attach a proposed Amended Complaint to her Motion to Amend. Doc. 78-1. Instead, she only attached the Additional Invoice. Id.

Defendant opposes Plaintiff's Motion to Amend, but does not contest Plaintiff filing the Additional Invoice for attorney's fees in support of her present Motion for Attorney's Fees, which she filed March 5, 2018. Doc. 79; See Doc. 72.

Plaintiff's reliance on Rule 15(a)(2) of the Federal Rules of Civil Procedure as a basis for this Court to freely grant leave for her to amend her complaint is misplaced under the present circumstances. Rule 15(a)(2) refers to amending a complaint prior to trial and Plaintiff seeks a post-trial amendment. Further, even if Plaintiff had cited an appropriate basis for the Court to grant her leave to amend her complaint, Plaintiff failed to attach her proposed Amended Complaint, which is also a sufficient basis to deny a Motion for Leave to File an Amended Complaint. See Williams v. Wilkerson, 90 F.R.D. 168, 170 (E.D. Va. 1981). Additionally, it is unclear whether Plaintiff is seeking to amend the original Complaint, which was filed January 27, 2018, or the Amended Complaint, which was filed on May 22, 2017. Therefore, the Court DENIES Plaintiff's Motion to Amend. However, given Defendant's stipulation to include Plaintiff's Additional Invoice, Doc. 78-1, as an attachment to the present Motion for Attorney's Fees, the Court will consider the Additional Invoice along with the invoices submitted in support of Plaintiff's Motion for Attorney's Fees, Doc. 72.

## B. Motion for Attorney's Fees

In support of her Motion for Attorney's Fees, Plaintiff attaches her invoices from the start of the Due Process action with the City of Virginia Beach and includes her invoices up through the resolution of the present Motions. Doc. 72-1. Because the Court has allowed Plaintiff to supplement her Motion for Attorney's Fees with the invoice attached to her Motion to Amend, Plaintiff's total Motion for Attorney's Fees and Costs seeks an award of $81,008.74. See Docs. 72-1, 78-1. This amount represents the sum of $78,760 in attorney's fees and $2248.74 in litigation expenses and costs. Plaintiff's invoices provide two separate hourly rates. From April 20, 2016 until July 19, 2017, Plaintiff's invoices reflect an hourly rate of $250 per hour. The amount of fees charged at the rate of $250 per hour totals $60,775, which accounts for 243.1 hours of legal services billed at this rate. From July 20, 2017 until April 5, 2018, Plaintiff's invoices reflect an hourly rate of $275 per hour. The total amount of fees charged at $275 per hour totals $17,985, which accounts for 65.4 hours of legal services billed at this rate.

Plaintiff's billing entries fall under the categories of "Phone Conference" "Meeting" "Research" "Drafting" "Receipt/Review" "Prepare" and "Hearing." The hours claimed in Plaintiff's billing entries can be summarized as follows:

| Task | Hours |
| --- | --- |
| Phone Conference/Meetings with Client | 35.7 |
| Phone Conference/Meetings with Witnesses | 11.2 |
| Phone Conference with Clerk of Court | 1.1 |
| Drafting Correspondences (Drafting Letters to Client or Opposing party) | 7.3 |
| Drafting of and Research for legal documents (including preparation of discovery) | 129 |

| | |
|---|---|
| Preparing (exhibit book, organizing documents, witness lists, or reviewing docs for trial) | 45.9 |
| Phone conference/Meetings with opposing counsel | 7 |
| Reviewing Legal Documents (Court Orders, filings, Witness reports, exhibits) | 24.3 |
| Reviewing Correspondences (Reading/Replying to Letters or Emails) | 11 |
| Court Time | 24 |
| Work on attorney's fees petition | 12 |
| **TOTAL** | 308.5 |

*i. Reasonable Hourly Rate*

The burden rests with the fee applicant to establish the reasonableness of a requested rate. Robinson, 560 F.3d at 244. In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. Id.; See also 20 U.S.C.A. § 1415(i)(3)(C).

Defendant does not contest that Plaintiff is the prevailing party or that Plaintiff's fee of $250 per hour is reasonable. However, Defendant asks this Court to reject Plaintiff's increased hourly rate from $250 to $275 in attorney's fees, because Plaintiff offered no justification for increasing her rate. Id. at 4.

Plaintiff's present Motion for Attorney's Fees is the first time that Plaintiff has provided invoices that list hourly rates and time expended for services in the present litigation. However, in her present Motion for Attorney's Fees, Plaintiff failed to attach any affidavits in support of the reasonableness of her increased hourly rate as required under case law. Even when

Defendant challenged Plaintiff's rate of $275, Plaintiff's only reply was that "$275.00 per hour is still well-within the prevailing rate according to the *Lodestar* and *Johnson* factors stated above and the attorney's fees affidavits that were submitted as exhibits to the Complaint filed by M.N. on January 27, 2017 and subsequent amendments." Doc. 77 at 8. Plaintiff filed an Amended Complaint and attorney affidavits in support of her Complaint for Attorney's Fees on May 22, 2017; however, Plaintiff increased her rate from $250 to $275 on July 20, 2017. While the increase is fairly nominal, the Court FINDS that the $250 per hour rate is the reasonable rate because it is the rate Plaintiff's counsel was charging at the time Plaintiff obtained her attorney affidavits. With the 65.4 hours currently charged at a rate of $275 reduced to $250 per hour, the total amount of attorney's fees claimed for these hours are reduced from $17,985 to $16,350 (a reduction of $1635).

### ii. Reductions for Non-Legal or Clerical Work

Under Johnson, it is important to distinguish between legal work and clerical work, because a lesser rate may apply to clerical and administrative functions. See Johnson, 488 F.2d at 717. Defendant seeks a modest reduction for hours billed in Plaintiff's invoices which Defendant claims are for non-legal or clerical work or otherwise impermissibly lump legal and non-legal work. Doc. 76 at 1-2. Defendant argues that the following 21.90 hours of Plaintiff's invoices qualify as clerical/non-legal work. Id. Those amounts are itemized below:

| Date | Description | Quantity |
|---|---|---|
| 08/04/16 | Prepare: Witness List—emails and Scheduled Meetings[1] | 0.40 |
| 08/11/16 | Drafting: Drafted Subpoenas, sent via email and | 1.00 |

---

[1] Plaintiff argues that this task primarily qualifies as legal work, even though it may be mixed with some clerical tasks. Plaintiff also argues that witness preparation is primarily a legal task. Doc. 77.

| | first class to HO | |
|---|---|---|
| 08/29/16 | Drafting: Witness Subpoena drafting, prep, mailed | 2.00 |
| 08/30/16 | Prepare: Exhibit Book[2] | 5.00 |
| 08/31/16 | Prepare: Exhibit Book | 5.00 |
| 09/03/16 | Receipt/Review: Reviewed join[t] exhibit book produced by VBCPS, identified exhibits VBCPS failed to include, prepared supplemental exhibit book | 6.00 |
| 01/30/17 | Prepare: Redacted HO Decision, emailed request do s [sic] | 0.50 |
| 03/08/17 | Prepare: Sent waiver to VBCPS counsel, updated timeline | 0.50 |
| 05/30/17 | Drafting: Table of Authorities | 1.50 |

The Court FINDS that the tasks identified by Defendant seem to fit within the category of clerical/non-legal work. Therefore, the Court REDUCES Plaintiff's fees for the amounts itemized, with the exception of part of the time that counsel spent reviewing the exhibit book. Because Plaintiff alleges that Defendant failed to include certain exhibits in their joint exhibit book, which resulted in Plaintiff having to review the book for accuracy; the Court REDUCES the number of hours spent reviewing the exhibit book by 50% instead of completely deducting

---

[2] Plaintiff alleges that she had to review the exhibit book thoroughly because Defendant omitted certain documents from the exhibit book. Id. In support of Plaintiff's argument, Plaintiff submitted e-mail correspondences between Plaintiff and Defendant about the documents missing from the exhibit book. Doc. 77-1.

the entire 6 hours that Plaintiff spent reviewing the Joint Exhibit Book. Therefore, the total attorney's fees reduced for clerical/non-legal work is $4725.

*iii. Reductions for Hours Unreasonably Expended*

Defendant also asks this Court to reduce Plaintiff's attorney's fees by 6.2 hours for the time Plaintiff spent drafting and preparing her Motion to Show Cause. Id. at 5-6. On September 13, 2017, this Court ORDERED Defendant to make payments to Plaintiff within fifteen (15) days of receipt of notice of costs paid. Doc. 51 at 6. Plaintiff filed her Motion to Show Cause on October 17, 2017 because she submitted receipts to Defendant on September 20, 2017, but Defendant did not remit payment within fifteen (15) days. See Doc. 67 at 1. Defendant failed to pay on time due to a miscommunication within its office, but remedied the issue by providing payment for the September receipts on October 18, 2017 and making an early payment of the October fees. Id. at 2. Therefore, the Court DENIED Plaintiff's Motion to Show Cause because it found that Plaintiff did not establish by clear and convincing evidence that she suffered harm. Id.

Defendant argues that the time spent on Plaintiff's Motion to Show Cause was not reasonably expended because it would not have been necessary for Plaintiff's counsel to file the Motion to Show Cause if she had conferred with Defense counsel prior to drafting and filing it. Id. at 6. Plaintiff does not dispute that she failed to confer with Defense counsel prior to filing the Motion to Show Cause, but argues that the Motion to Show Cause was warranted in light of Plaintiff's issues with Defendant's failure to remit payment in the year and a half prior to filing the Motion to Show Cause. Doc. 77 at 7.

The fact that Defendant quickly remedied the issue once the Motion to Show Cause was filed and remitted an early payment for the following month weighs against Plaintiff's contention

that this issue could not be remedied by a phone call to Defendant. Therefore, the Court REDUCES Plaintiff's fees by the time spent drafting and filing the Motion to Show Cause, which results in a reduction of $1,550.

Defendant also contends that the Court should reduce Plaintiff's attorney's fees by $357.50 for the 1.3 hours Plaintiff spent drafting her Motion to Amend her Fee Complaint because filing the Motion to Amend was not necessary. The Court agrees with Defendant's argument for the reasons stated in the portion of this Order that addresses Plaintiff's Motion to Amend. Accordingly, the Court REDUCES Plaintiff's fees by $357.50 for the time spent drafting her Motion to Amend.

*iv. Other areas of reduction*

**a. Excessive Legal Services Rendered**

Under the IDEA, the court is also instructed to reduce attorney's fees if "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." 20 U.S.C.A. 1415(i)(3)(F). While Plaintiff's case was by no means simple, Plaintiff's counsel charged 129 hours of legal services for drafting legal documents or conducting research. However, Plaintiff's counsel submitted briefs that were disorganized, often lacked key citations, frequently offered conclusory analysis, and were largely unhelpful in reviewing the Hearing Officer's decision. Though she did cite more case law in her reply, Plaintiff's initial Motion for Attorney's Fees did not cite much case law in support of the reasonableness of the rate requested for her award of attorney's fees.

Additionally, Plaintiff failed to attach any affidavits in support of the reasonableness of her hourly rate as required under case law in support of her present Motion for Attorney's Fees.[3]

---

[3] The Court notes that these affidavits were attached to Plaintiff's initial complaint for attorney's fees; however, Plaintiff did not file these affidavits along with the invoices that she submitted in the present

Defendants conceded that Plaintiff's hourly rate of $250 is reasonable; however, this supports the Court's sentiments. In order to find the affidavits counsel referred to in her Motion for Attorney's Fees and Reply, the Court had to go back and comb through the attachments to the filings in her prior Complaints. Doc. 11.

Therefore, the Court REDUCES Plaintiff's attorney's fees for time spent drafting and conducting legal research by 40%. This results in a reduction of $12,900.

### b. Duplicative and Excessive Expenses and Costs

Defendant raises no objections to the expenses and costs alleged by Plaintiff. However, there are a few expenses claimed on Plaintiff's invoices that appear to be either duplicative or excessive. For example, on July 20, 2016, Plaintiff recorded expenses in the amount of $36.88 for "Gas for drive back to FFX", $41.39 for "Gas for drive to VBCPS", and $223.56 for "Mileage at IRS tax rate (414 miles at .54/mile)." Doc. 72-1 at 5. Therefore, it appears that Plaintiff attributed expenses to both her actual gas expenses and the IRS standard mileage for the July 20, 2016 travel. Additionally, on September 19, 2016, Plaintiff lists an expense of $363.97 for "Elite - trial binder with exhibits VBCPS failed to include in joint exhibit book." Doc. 72-1 at 5. It is unclear what this expense is for. The expense seems to be describing the purchase of a "trial binder" however; $363.07 seems highly excessive for a trial binder. Therefore, the Court strikes the amount claimed for counsel's IRS mileage for the July 20, 2016 travel as duplicative. The Court also strikes the amount claimed for the "Elite trial binder" cost because this cost appears excessive. Striking each of these amounts results in a reduction of $587.53.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Amend, but

---

Motion for Attorney's fees. Further, Plaintiff attempted to change her rate from $250 per hour to $275 per hour without filing an updated affidavit to support increasing the amount.

considers Plaintiff's supplemental invoice for attorney's fees, Doc. 78-1, as an attachment to her present Motion for Attorney's Fees and Costs, Doc. 72. The Court GRANTS Plaintiff's Motion for Attorney's Fees and Costs, Doc. 72, IN PART, and ORDERS that Plaintiff receive an award in the amount of $59,253.71, summarized as follows:

| Item | Request | Award |
| --- | --- | --- |
| Attorney's Fees | $78,760 | $57,592.50 |
| Costs and Litigation Expenses | $2,248.74 | $1,661.21 |
| **TOTAL** | $81,008.74 | $59,253.71 |

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
June 25, 2018

13